CONOLLY v. HYAMS.

(Supreme Court, Appellate Division, First Department. June 23, 1899.)

COSTS—JUDGMENT BY CONFESSION.
Code Civ. Proc. § 738, providing that plaintiff, refusing an offer to confess judgment, is entitled to costs from the time of the offer only in the event that he recovers a more favorable judgment, has no application to an equity action dismissed without costs to either party, since costs in equity cases are within the discretion of the court.

Appeal from special term, New York county.

Action by Henry A. Conolly, as surviving partner of the firm of E. D. Conolly & Sons, against Rosalie E. Hyams, as executrix of the last will and testament of Joel E. Hyams, deceased. From an order of the special term denying defendant's motion to direct the clerk to tax costs in favor of defendant, and that defendant be granted an extra allowance, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

C. Donohue, for appellant.
Benjamin Yates, for respondent.

VAN BRUNT, P. J. This action was brought to foreclose a mechanic's lien, the plaintiff claiming a lien on the property for $10,-

737.77. The defendant served an offer of judgment, whereby he offered to allow judgment to be entered against him and in favor of the plaintiff for $8,250, with interest, and the costs of the action. The issues joined in the action were referred to a referee to hear and determine. After a trial before the referee, he directed a judgment dismissing the complaint without costs. Thereupon, upon proof of the making of the offer of judgment, and upon the ground that the plaintiff did not obtain as favorable a judgment as contained in the offer, the defendant moved for an order directing the clerk to tax costs in favor of the defendant, and also for an extra allowance of $750. This motion was denied, and from the order thereupon entered this appeal is taken.

The action was an equity action, in which the costs were in the discretion of the trial court; and it having determined that the complaint should be dismissed without costs, it is difficult to see how section 738 of the Code, relied upon by the defendant, can apply. It is true that under the strict language of the section, even in an equity case, the defendant would be entitled to costs after the offer, where the plaintiff had not obtained as favorable a judgment as that contained in the offer. But it is also well settled that in equity cases costs are within the discretion of the court, and there is no intimation in the section of an intention to deprive the court of such discretion. The section in question was undoubtedly intended to refer to those cases where costs were allowed, and can have no application whatever to those cases in which, in the discretion of the court, the judgment is rendered without costs to either party. The defendant herein, if costs had been allowed, would have been entitled to full costs of the action; but, the referee having determined that the complaint should be dismissed without costs, and therefore no one being entitled to any costs, the section in question did not apply. The cases cited in which it was held that the section applied to equity actions as well as to actions at law were cases in which costs had been allowed by the trial court.

We think that the order appealed from should be affirmed, with $10 costs and disbursements. All concur.